UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER CLEVELAND, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> HAND THERAPY OF CHESTERFIELD, ) </br> et al., ) </br> ) </br> Defendants. ) | Case No. 4:07CV01138 FRB |

**MEMORANDUM AND ORDER**

Presently pending before the Court is the joint motion of defendants South St. Louis Rehabilitation Institute, Inc. (d/b/a Hand Therapy of Chesterfield), Bill Hopfinger, Judy Beger, and Mary Pellowski (collectively "defendants") to dismiss the Complaint filed by plaintiff Christopher Cleveland (Docket No. 8/filed October 29, 2007).[1] All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

**I.  Background**

Plaintiff, a citizen of Broward County, Florida, brought this action against defendants, a Missouri corporation and three Missouri residents, alleging fraud and conspiracy to defraud, stemming from physical therapy services he received from defendants

---

[1] Plaintiff's claim against Defendant Hand Therapy Network, LLC, was dismissed on November 20, 2007 due to plaintiff's failure to effect service. (Docket No. 10).

- 1 -

on at least twelve occasions between March, 2000 and June, 2000. Plaintiff alleges that defendants, a physical therapy clinic and employees thereof, conspired and perpetrated fraud by providing substandard medical treatment in order to ensure repeat visits for which defendants could bill plaintiff and his insurance company. Plaintiff alleges that, as a result of defendants' "false advice, counsel and useless services", plaintiff's condition worsened to the point of debilitation, and he suffered the onset of Reflexive Sympathetic Dystrophy (RSD) or Regional Chronic Pain Syndrome. (Complaint, Docket No. 1 at 4, 6.) Plaintiff further alleges that defendants acted similarly against "an undetermined number of persons who were covered by Medicaid and Medicare," and seeks recovery on behalf of the United States Government under the qui tam provisions of the False Claims Act, 31 U.S.C. § 3729 et seq.[2] (Id. at 4, 7-9.)

In response, defendants contend that plaintiff's action is barred by the applicable statute of limitations, regardless of whether it is characterized as an action for fraud and conspiracy to defraud, or one for medical malpractice. Defendants further contend that plaintiff is prohibited from bring a qui tam action as a pro se litigant. Defendant's arguments are well-taken.

---

[2]That Act prohibits false or fraudulent claims for payment to the United States, 31 U.S.C. § 3729(a), and authorizes civil actions to remedy such fraud to be brought by the Attorney General (§ 3730(a)), or by private individuals in the Government's name (§ 3730(b)(1)).

## II. Legal Analysis

This is a diversity action, and this Court's jurisdiction lies under 28 U.S.C. § 1332. This Court must therefore apply Missouri's substantive law, and federal procedural law. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) (federal court sitting in diversity must apply the forum state's substantive law, and federal procedural law); see also Winthrop Resources Corp. v. Stanley Works, 259 F.3d 901, 904 (8th Cir. 2001).

The purpose of a motion to dismiss is to test the sufficiency of the Complaint. In order to survive the instant motion to dismiss for failure to state a claim, plaintiff's Complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1964-65, 1974 (2007) (overruling the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court explained that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In Missouri, medical malpractice claims are governed by a two-year statute of limitations, which provides as follows:

> All actions against physicians, hospitals, dentists, registered or licensed practical nurses, optometrists, podiatrists, pharmacists, chiropractors, professional physical therapists, and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for

>     damages for malpractice, negligence, error or
>     mistake related to health care shall be
>     brought within two years from the date of
>     occurrence of the act of neglect complained of
>     . . .
>
> Rev.Stat.Mo. § 516.105.[3]

Fraud actions are governed by a five-year statute of limitations, which begins to run when the fraud was discoverable by the aggrieved party. Rev.Stat.Mo. § 516.120(5); Kansas City v. W.R. Grace & Co., 778 S.W.2d 264, 273 (Mo. Ct. App. 1989). Actions for conspiracy are not actionable in the absence of an underlying tort. Scott v. Blue Springs Ford Sales, Inc., 215 S.W.3d 145, 164 (citing Taylor v. Richland Motors, 159 S.W.3d 492, 496 (Mo. Ct. App. 2005)).

**III.  Discussion**

As defendants note, although plaintiff characterizes his cause of action as one alleging fraud and conspiracy, the Complaint actually sets forth a medical malpractice claim, and is therefore barred because it was not brought within two years as required by § 516.105. As the Missouri Supreme Court has noted, § 516.105 clearly covers all claims brought by consumers of health care services against health care providers for injuries resulting from such services. Rowland v. Skaggs Companies, Inc., 666 S.W.2d 770,

---

[3]The statute provides for two exceptions to the two-year limitation period: when the claimant is a minor, or when the claim involves leaving a foreign object in the body after surgery. See Section 516.105.

772-73 (Mo. banc 1984). A plaintiff may not circumvent the two-year statute of limitations by characterizing what is actually a medical malpractice claim as a different type of claim. M.M.H. v. J.P.C., 42 S.W.3d 16, 19 (Mo. Ct. App. 2001) (parents alleging injury stemming from wrongful genetic counseling could not avoid two-year statute of limitations by characterizing their suit as one for fraudulent misrepresentation); Rowland, 666 S.W.2d at 772-73 (when a health care provider is liable under both tort and contract theories, the two-year statute of limitations cannot be circumvented by characterizing the suit as one in contract); Barnhoff v. Aldridge, 38 S.W.2d 1029, 1030 (1931) (although the plaintiff alleged a contract action against her doctor, the "gravamen or gist of the action" was the doctor's wrongful act, and the suit was therefore actually a medical malpractice action.)

Here, although the Complaint is styled as one for fraud and conspiracy to defraud, the "gravamen or gist of the action" is that defendants administered physical therapy services in a wrongful and/or negligent manner. Id. It is therefore a medical malpractice action, and is governed by a two-year statute of limitations, which began to run in June of 2000, when plaintiff alleges defendants last treated him. The last date on which plaintiff received treatment from defendants would be the latest "date of occurrence of the act of neglect complained of" available to plaintiff. Rev.Stat.Mo. § 516.105. Plaintiff therefore had until June of 2002 to file this action, but did not file it until

June 2007.  Plaintiff's claim is therefore time barred, and is subject to dismissal.

Even if plaintiff's Complaint could be construed as alleging a fraud claim, it would be time barred.  The five-year statute of limitations for fraud begins running when the fraud was discoverable by the aggrieved party.  Rev.Stat.Mo. § 516.120(5); Burr v. National Life & Acc. Ins. Co., 667 S.W.2d 5, 7 (Mo. Ct. App. 1984).  It is the aggrieved party's duty to inquire so as to discover the facts surrounding the fraud.  Id.  Missouri courts have construed the statute to require a plaintiff to act with due diligence to discover the facts constituting the fraud.  Sharpe v. Sharpe, 243 S.W.3d 414, 417 (Mo. Ct. App. 2007).  "Where the means for discovery exist, a plaintiff is deemed to know of the fraud, so that the period of limitations commences to run then."  Id.; Burr, 667 S.W.2d at 7.

In his Motion Opposing Defendants' Motion to Dismiss, plaintiff submits that his Complaint is timely because he did not become aware of the fraud until September 2002, when he read an article authored by Dr. David Ryan which cured him in one week of many of the problems caused by defendants.  (Docket No. 17 at 2.) Plaintiff further argues that, three years later (which would be approximately September 2005), he made investigative telephone calls to defendants' businesses and learned that defendants' other locations were aware of the "common principles of physical therapy", while the location which had treated plaintiff was not.

(Id.)  After this discovery, plaintiff waited until June 14, 2007 to file his Complaint.  Plaintiff alleges that, as a result of defendants' wrongful/negligent treatment, he has suffered "severe, crippling and debilitating pain", has been unable to hold a steady job, has lost all of his savings, has been forced to declare bankruptcy, and has become depressed and suicidal to the point of requiring inpatient mental treatment.  (Docket No. 1 at 6.)

Clearly, plaintiff was aware that something had gone terribly wrong during his treatment with defendants, and yet failed to first exercise due diligence and inquire so as to discover why until more than two years after his treatment ceased.  Plaintiff also claims that the advice contained in one article cured him in a week of many of the ailments caused by defendants' wrongful treatment, and that the error of these defendants lay in their willful failure to treat him using the "common principles" of physical therapy.  This record supports the conclusion that the facts surrounding the fraud were discoverable, and the means to discover them existed, in June of 2000, when plaintiff was last treated by defendants.  June of 2000 is therefore the time plaintiff is deemed to have known of the fraud, and the statute of limitations began running then.  Sharpe, 243 S.W.3d at 417; Burr, 667 S.W.2d at 7.  Plaintiff therefore had until June of 2005 to file his Complaint, and because he did not file it until June 14, 2007, it is untimely and subject to dismissal.

Plaintiff's claim for conspiracy to defraud is based upon

his fraud claim.  In Missouri, conspiracy alone is not actionable in the absence of an underlying wrongful act or tort.  <u>Scott</u>, 215 S.W.3d at 164 (citing <u>Taylor</u>, 159 S.W.3d at 496.)  Because plaintiff's fraud claim is barred, he has no claim for conspiracy to defraud.  See <u>Williams v. Mercantile Bank of St. Louis NA</u>, 845 S.W.2d 78, 85 (Mo. Ct. App. 1993) (noting that conspiracy claims are not actionable in the absence of an underlying tort, held that where party could not maintain an action for fraud, conspiracy claim necessarily fails.)

Finally, the Court grants defendants' motion to dismiss plaintiff's False Claims Act claim because he is proceeding <u>pro se</u> in this matter, and <u>pro se</u> litigants cannot prosecute a <u>qui tam</u> action.  <u>Powell v. AHEPA Nat. Housing Corp.</u>, 2007 WL 4163426, 3 (S.D. Iowa 2007); <u>United States v. Onan</u>, 190 F.2d 1 (8th Cir. 1951); <u>Lu v. Ou</u>, 368 F.3d 773, 775 (7th Cir. 2004).

Therefore, for the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Joint Motion to Dismiss (Docket No. 8/filed October 29, 2007) is **GRANTED** in its entirety.

**IT IS FURTHER ORDERED** that plaintiff's Complaint (Docket No. 1/filed June 14, 2007) is **DISMISSED** with prejudice.


UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of June, 2008.